UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES FOR THE USE AND BENEFIT OF CONTRACTING KING, INC.** | * * * | **CIVIL ACTION** |
| **VERSUS** | * * | **NO. 09-6098** |
| **CREEK SERVICES, L.L.C., ET AL.** | * | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court is Defendants Creek Services, LLC and Travelers Casualty and Surety Company of America's Rule 12(b)(6) and 12(b)(1) Motion to Dismiss and responsive pleading. (Rec. Doc. Nos. 79 and 89). Plaintiff Contracting King filed opposition thereto. (Rec. Doc. No. 85). Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that Defendants' Rule 12(b)(6) and 12(b)(1) Motion to Dismiss (Rec. Doc. No. 79) is **GRANTED**.

Cause of Action and Facts of the Case:

The facts of this case are well known to the Court, and are adopted and incorporated by reference from this Court's July 7, 2011 Order. (Rec. Doc. No. 69).

## Law and Analysis

### *12(b)(1) standard*

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a plaintiff's complaint for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject

1

matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A party seeking to invoke jurisdiction has the burden of proving its existence, and thus, a plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Finally, "[s]overeign immunity implicates subject matter jurisdiction." *Chapa v. U.S. Dept. Of Justice*, 339 F.3d 388, 389 (5th Cir. 2003).

### *12(b)(6) standard*

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))

(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**Plaintiff's Equitable Claims**

It is well settled that "unjust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided." *La. Nat'l Bank of Baton Rouge v. Belello*, 577 So.2d 1099, 1102 (La. App. 1 Cir. 1991). First, Plaintiff had a contract

with CWW, Inc. and this Court awarded a default judgment on behalf of Plaintiff in the amount of the contract price, $63,000.00. (Rec. Doc. No. 22). Moreover, Plaintiff even concedes that it obtained a judgment against CWW, Inc. (Rec. Doc. No. 85, p. 10).[1] *See Fogleman v. Cajun Bag & Supply Co.*, 638 So.2d 706, 708 (La. App. 3 Cir. 1994). Therefore a "remedy at law" is available to Plaintiff. *Id*. at 709. Second, the immediate instance is not one in which the Louisiana courts would traditionally grant quantum meruit relief. *Id*. at 708.[2] Here, there was a contract between Plaintiff and CWW, Inc. and the contract price was supplied therein. Third, detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). As previously noted, there was a direct

---

[1] Contracting King, Inc. has asserted a breach of contract action against Creek Services, L.L.C. for its failure to pay the outstanding balance due for work on the Project per the guarantee contract. *That Contracting King has obtained a judgment against CWW, Inc. on its subcontract should not preclude it from obtaining a judgment against Creek Services, Inc. as guarantor of the balance due for work*.

(Rec. Doc. No. 85, p. 10).

[2] "The Court went on to distinguish two situations where Louisiana courts had applied quantum meruit. One situation is where a contract actually exists, and the court is simply supplying a price. The other is where no contract exists, and the court must supply a substantive basis for recovery." *Fogleman v. Cajun Bag & Supply Co.*, 638 So.2d 706, 708 (La. App. 3 Cir. 1994).

contract between CWW, Inc. and Plaintiff for pump station repair work.  (Rec. Doc. No. 1 at 3, ¶7).  Accordingly, Plaintiff has legal remedies available, and thus, equitable relief is not appropriate at this juncture.

Plaintiff also asserts that "[t]o the extent Creek Services, Inc. guaranteed the payment of the balance owed Contracting King, Inc. on its subcontract agreement with CWW, Inc., Creek Services is likewise in breach and should be held liable for damages." (Rec. Doc. No. 1 at 6, ¶15).  However, Plaintiff has already been granted the right to a default judgment against CWW, Inc., *see* Rec. Doc. No. 22.  Yet, Defendants note that "[t]o date, Contracting King has not taken any steps to collect on its full judgment against CWW," *see* Rec. Doc. No. 79-1, p. 4, and Plaintiff has not shown an inability to obtain relief per the default judgment.  Thus, Plaintiff seeks, in essence, to double recover. *Albert v. Farm Bureau Insur. Co.*, 940 So.2d 620, 622 (La. 2006) ("Louisiana law does not allow for double recovery of the same element of damages."). Given that Plaintiff has already been granted the right to the damages it now seeks, by way of default judgment, it cannot seek further recovery from Creek Services without showing an an inability of recovery from the defaulted defendant.

**Bad Faith Insurer Claims**

Plaintiff's reliance upon Ninth Circuit precedent to establish that federal courts contemplate that sureties on a Miller Act project may be subject to state bad faith insurance law is

misplaced.  La. Rev. Stat. 22:1973 and 22:1892 both pertain to insurers, not sureties.  Here, Travelers acted as a surety, not an insurer. Furthermore, Plaintiff even concedes that Travelers was acting as a surety for Creek Services. (*See* Rec. Doc. No. 1, p. 1, 2).  As such, this immediate claim must fail.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that Defendants' Rule 12(b)(6) and 12(b)(1) Motion to Dismiss (Rec. Doc. No. 79) is **GRANTED.**

New Orleans, Louisiana, this 23rd day of December, 2011.

UNITED STATES DISTRICT JUDGE