**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF CONTRACTING KING, INC. | CIVIL ACTION |
| VERSUS | NUMBER: 09-06098 |
| CREEK SERVICES, LLC, et al | SECTION: "B" |

## ORDER AND REASONS

Before the Court is Plaintiff Contracting King, Inc.'s (Plaintiff) Motion to Reconsider Final Judgment Pursuant to Rule 59 (Rec. Doc. No. 100). In response, Defendants Creek Services, L.L.C. (Creek Services) and Travelers Casualty and Surety Company of America (Travelers) (collectively Defendants) submitted a Memorandum in Opposition (Rec. Doc. No. 101) to Plaintiff's Motion. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiff's motion to reconsider pursuant to Rule 59 is **DENIED**.[1]

## PROCEDURAL HISTORY

The facts of this case are well known to the Court and are adopted and incorporated by reference from this Court's July 7, 2011 Order on Defendant's Motion for Summary Judgment. (Rec. Doc. No. 69).

On December 28, 2011, this Court granted Defendants' Motion to Dismiss under Rule 12(b)(6) and Rule 12(b)(1). (Rec. Doc. No. 98). A final judgment, dismissing the case, was issued on January 4,

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

2012. (Rec. Doc. No. 99). On January 24, 2012, Plaintiff filed the instant Motion to Reconsider. (Rec. Doc. No. 100). On January 31, 2012, Defendants filed their Opposition to the Motion to Reconsider. (Rec. Doc. No. 101).

## **LAW AND ANALYSIS**

**A. Standard of Review**

Federal Rule of Civil Procedure 59 permits a party to file "a motion to alter or amend a judgment" within twenty-eight days of a court's entry of final judgment. FED. R. CIV. P. 59(e). A district court has great discretion when considering whether or not to approve a Rule 59(e) motion. *See, e.g.*, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp 2d 938, 939 (W.D. La. 2004), *aff'd sub nom. Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 137 F. App'x 351 (Fed. Cir. 2005). The Fifth Circuit has recognized that a motion for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). The Fifth Circuit has enumerated certain grounds on which a district court may grant a Rule 59 motion: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of

2

law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). The purpose of Rule 59 is not to allow the moving party to relitigate an old matter, raise a new argument, or to submit evidence that was available before the final judgment was issued. *Templet*, 367 F.3d at 479.

Rule 59 is intended to serve a "narrow purpose" in allowing parties to correct manifest errors of law or fact that lead to a final judgment. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). This Court has recognized that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000). A district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Boyd's Bit*, 332 F. Supp. 2d at 940 (citing *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)). The Fifth Circuit has specifically noted that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**B. Plaintiff's Motion to Reconsider Should Not be Granted**

Plaintiff's Motion to Reconsider Pursuant to Rule 59(e) does not meet the standards established by this Court or the Fifth Circuit. Plaintiff specifically alleged that this Court made "mistakes of law and fact" in its final judgment. (Rec. Doc. No.

100-1 at 1). While this is one of the enumerated factors established by the Fifth Circuit in *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002), Plaintiff does not establish that the alleged errors are enough to grant this "extraordinary remedy." *Clancy v. Employers Health Ins. Co.*, 101 F. Supp.2d 463, 465 (E.D. La. 2000). Plaintiff claims that this Court erred by "never ma[king] a determination of the appropriateness of Contracting King, Inc.'s breach of contract action against Creek Services in ruling on defendant's Motion" and that Defendants erred by "fail[ing] to acknowledge or address Contracting King, Inc.'s breach of contract claim against Creek Services in their Rule 12(b)(6) and 12(b)(1) Motion to Dismiss." (Rec. Doc. No. 100-1 at 9).

In its Order and Reasons, this Court specifically addressed Plaintiff's argument that "Creek Services is likewise in breach [of contract] and should be held liable for damages." (Rec. Doc. No. 98 at 5). Since Plaintiff had already recovered damages from CWW, Inc.[2] pursuant to their "sub-sub-contract" in the same amount it was attempting to claim from Creek Services on the same claim, this Court found they were seeking to "double recover" in contravention of Louisiana law. *See id.* (citing *Albert v. Farm Bureau Insur. Co.*,

---

[2] CWW, Inc. was hired by Creek Services under a sub-contract to perform work necessary under the contract between Creek Services and the United States Army Corps of Engineers. (Rec. Doc. No. 101 at 2). CWW then entered into a "sub-sub-contract" with Plaintiff for roofing services. *Id.*

4

940 So.2d 620, 622 (La. 2006)). This assertion was first raised by Defendants in their Motion to Dismiss. (Rec. Doc. No. 79 at 3-4). This Court specifically held that Plaintiff "cannot seek further recovery from Creek Services" because of the default judgment issued against CWW. *Id.*

## CONCLUSION

Given above review and our prior specific consideration of the Plaintiff's breach of contract claims, there is no merit to Plaintiff's allegations. Accordingly, **IT IS ORDERED** that Plaintiff's motion to reconsider pursuant to Rule 59 **is DENIED.**

New Orleans, Louisiana, this 4th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE